Opinion of the court by
Judge Mills,
overruling the petition for a rehearing.
The advertisement being on the 9th and the sale on the 19th of the month, did leave ten days includng the day of sale. The difference between tho court and the counsel for the plaintiffs in error, is, that the court includes the day of sale, and the counsel excludes it in the computation. It is contended that as the act expressly excludes the day of advertisement, the day of sale is excluded also. This is not a necessary conclusion from the premises; and the contrary is the settled rule of this court, in construing statutes, as is evinced by the cases of Woods vs. Patrick and wife, Har. 457, and Pollard vs Voder. 2 Marsh. 264; and it is now not proper to overturn it.
This conclusion in favor of this sale, being adopted, excludes from the consideration of the court, the effect which a want of sufficient time might have upon the right of the plaintiff in the. execution as a purchaser. We would not be understood to say, that, the want of sufficient time, given by the sheriff, would vitiate the sale. It is not difficult to discriminate between the acts of a plaintiff in controling the execution, and those of the sheriff. The latter may act illegally without the assent of the former, or making him responsible, and as a general rule, without deciding what is its particular bearing on this case, we incline to the opinion, that it would be necessary to prove that the plaintiff was instrumental in procuring, or at lea-t assenting to him wrongful acts of the sheriff, done to the prejudice of the defendant, before his rights could bo affected.
Twenty days notice required of sales of chattels, and but ten of lands.
Debtor must search out his creditor to pay him, not await his application.
Haggin for plaintiff; Monroe for defendants.
The attention of the court is called to the supposed impropriety of requiring twenty days delay after the seizure of personal estate, and less in the case of lands. If tins be an impropriety or even an absurdity, it is one for which there is no redress in the reach of this court. We cannot construe ten to mean twenty to avoid it, and the argument would he more properly addressed to another department of the government, which regulates this matter. It is however worthy of remark, that lauds must be advertised on a court day, and be sold on some notorious part of the premises, and chattles need not be so managed, which is a full equivalent for the difference between ten and twenty days delay.
We do not admit that the sympathies of the court, ought to be enlisted against this sale. We cannot say that the sale of lands for debt, is an odious practice, and there is nothing in this record which shews that the purchaser has paid less than a fair price for the land, and we cannot therefore have any leaning against his interest, especially as an attention to the debt, and paying it, when it became due, on the part of the plaintiffs in error, (as they are shewn to be wealthy and able to pay,) would have prevented all the supposed mischief of which they complain. Whether the creditor did or did not know of their residence, they certainly knew of his, or where their security for the money lay. They appear to have waited to see if the debt would find its way to their residence, until it found their estate elsewhere, when a little attention on their part to the ancient and good, but we admit now unfashionable, rule, of searching out their creditor and paying him, would have saved them of this trouble.
Th.c petition is overruled.